# RECORD IMPOUNDED

---

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

---

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4712-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

O.R.Q.,[1]

     Defendant-Appellant.

---

> Submitted December 10, 2019 – Decided January 2, 2020
>
> Before Judges Accurso and Rose.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 10-12-2353.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, of counsel and on the brief).
>
> Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Lisa Sarnoff Gochman, of counsel and on the brief).

---

[1] We use initials to protect the victim's privacy.

PER CURIAM

Defendant O.R.Q. appeals an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Because the PCR judge correctly determined defendant's substantive claims lacked merit, we affirm.

We incorporate by reference the facts and procedural history set forth in our prior opinion. State v. O.R.Q., No. A-1656-13 (App. Div. Nov. 17, 2015) (slip op. at 3, 7-8), certif. denied, 224 N.J. 282 (2016). In sum, the jury convicted defendant of burglary, terroristic threats and criminal mischief, and acquitted him of aggravated sexual assault, sexual assault and criminal restraint. Id. at 2. The charges arose from a domestic dispute between defendant and his estranged wife at the former marital residence. Id. at 3.

The victim and defendant both testified at trial. Id. at 7-8. "According to the victim, defendant rushed in, [after kicking open the front door,] grabbed her by the hair and dragged her to the bedroom where he first threatened and then sexually assaulted her." Id. at 7. Defendant provided a vastly different version of the events, claiming the victim had invited him to the home to discuss money issues and they engaged in consensual sex. Id. at 8.

Pertinent to the present appeal, defendant "admitted pushing open the door, which was already broken, with his foot." Ibid. On direct appeal,

defendant challenged the trial judge's denial of his motions to suppress his statement and for a new trial, and claimed his sentence was excessive.  Id. at 2-3.  We rejected those contentions.  Id. at 3-13.

Defendant filed a pro se PCR petition asserting, verbatim:

> My Attorney did not put in a motion to dismiss my indictment based on DNA results report.  My attorney did not use previous statement made by witness in trial that conflicts with testimony stated on trial stand.  My attorney did not use crucial photo evidence and witness on defense list.  The Attorney stated in his closing statement that the defendant is not guilty of all charges "except for the lesser charges" to the jury - which influenced the jury decision.

Through PCR counsel, defendant filed an amended petition clarifying:

> Trial counsel was ineffective for the following reasons: failure to file a motion to dismiss the indictment based on DNA evidence; failure to impeach State witnesses with inconsistent statements; failure to use relevant photo evidence and witnesses on the defense list; and stating [i]n his closing statement that [defendant] should be convicted of lesser charges.

PCR counsel filed a sixteen-page brief seeking an evidentiary hearing based upon those contentions and incorporating by reference all issues raised in petitioner's pro se petition.  Notably, PCR counsel's brief stated trial counsel "in his closing argument did not encourage the jury to find defendant guilty of a lesser[-]included offense."  (Emphasis added).

3

The PCR judge issued a written decision concluding defendant's claims were procedurally and substantively barred. Finding defendant's petition did not state any "new facts . . . that were unknown at the time of his direct appeal[,]" the judge determined defendant's PCR claims could have been raised on direct appeal and were, therefore, barred under Rule 3:22-4. The PCR judge nonetheless thoroughly considered defendant's arguments on the merits, applied the governing law, and concluded each was unavailing.

Relevant here, the judge found trial "counsel specifically stated in closing argument[] that [d]efendant should be convicted of the lesser[-]included crime of criminal trespass rather than burglary." (Emphasis added). The judge therefore found "[d]efendant's argument that defense counsel did not encourage the jury to find defendant guilty of a lesser[-]included offense . . . without merit." (Emphasis added).

On appeal, defendant raises the following points for our consideration:

POINT I THE PCR COURT ERRED BY PROCEDURALLY BARRING DEFENDANT'S INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIMS.

POINT II THIS MATTER MUST BE REMANDED FOR A NEW PCR HEARING BECAUSE PCR COUNSEL WAS INEFFECTIVE FOR RAISING A CLAIM IN HIS BRIEF, THAT

4

TRIAL COUNSEL WAS INEFFECTIVE FOR NOT ENCOURAGING THE JURY TO FIND DEFENDANT GUILTY OF LESSER-INCLUDED OFFENSES, WHICH WAS OPPOSITE TO A CLAIM RAISED IN THE PCR PETITIONS.
(Not Raised Below)

Regarding point I, we disagree with the PCR judge that defendant's claims were barred procedurally. Because the issues raised in defendant's PCR petition were not allegations of substantive legal errors contained completely within the trial record, see State v. Quezada, 402 N.J. Super. 277, 280 (App. Div. 2008), they were not appropriate for appellate review. See State v. Preciose, 129 N.J. 451, 460 (1992). Defendant's claims were better suited for a PCR proceeding because, as the PCR judge later recognized, at least some of those issues concerned trial strategy decisions. See State v. McDonald, 211 N.J. 4, 30 (2012).

Defendant does not challenge the PCR judge's substantive determination denying his petition. Issues not briefed are deemed waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2020). Although we need not consider those issues in our opinion, for the sake of completion we have reviewed the record in light of the issues raised before the PCR judge. We affirm substantially for the

reasons stated in the PCR judge's written decision, which cogently addressed and rejected defendant's arguments on the merits. See R. 2:11-3(e)(2).

We turn to defendant's claim he was denied the effective assistance of PCR counsel, noting this argument was raised for the first time on appeal in the absence of a previously-filed sworn statement "alleg[ing] facts sufficient to demonstrate counsel's alleged substandard performance." See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Instead, defendant summarily argues PCR counsel was ineffective because the brief filed in support of defendant's petition incorrectly argued trial counsel's summation urged the jury not to find lesser-included offenses.

In New Jersey, the right to the effective assistance of counsel extends to PCR counsel. See State v. Rue, 175 N.J. 1, 18-19 (2002). PCR counsel must "advance all of the legitimate arguments requested by the defendant that the record will support," Rule 3:22-6(d), and "make the best available arguments in support of them." Rue, 175 N.J. at 19. Even if PCR counsel deems the claims to be meritless, counsel must "list such claims in the petition or amended petition or incorporate them by reference." R. 3:22-6(d); see also State v. Webster, 187 N.J. 254, 257-58 (2006).

"The remedy for counsel's failure to meet th[ose] requirements . . . is a new PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010); see also Rue, 175 N.J. at 4. "This relief is not predicated upon a finding of ineffective assistance of counsel under the relevant constitutional standard."[2] Hicks, 411 N.J. Super. at 376.

In Hicks, we determined PCR counsel failed to meet his obligations where his performance "was limited to presenting the arguments identified by defendant in his pro se submissions" in the absence of "evidence that counsel conducted an independent evaluation of defendant's case to determine whether there were other grounds to attack defendant's conviction." Id. at 374. Unlike PCR counsel in Hicks, PCR counsel in the present matter filed an amended petition echoing each argument raised in defendant's pro se petition. Counsel filed a brief supporting those arguments, but erroneously claimed trial counsel failed to argue for lesser-included charges.

A defendant's ineffective assistance of counsel claim against PCR counsel ordinarily should be raised in a second or subsequent PCR petition. See State

_____

[2] See Strickland v. Washington, 466 U.S. 668, 687 (1984) (recognizing the defendant must demonstrate: (1) the deficiency of his counsel's performance; and (2) prejudice to his defense); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-pronged analysis in New Jersey).

A-4712-17T4

v. Armour, 446 N.J. Super. 295, 317 (App. Div. 2016); see also R. 3:22-12(a)(2)(c). Like ineffective assistance of counsel claims against trial counsel, resolution of those claims against PCR counsel ordinarily involves matters outside the record. See Armour, 446 N.J. Super. at 317. Accordingly, they are better suited for a PCR petition. Ibid.

Here, however, we are satisfied the record is sufficiently developed to consider the claim on its merits. Having done so, we conclude defendant's underlying claim challenging trial counsel's effectiveness lacks merit in view of defendant's admission at trial that he kicked open the door of the marital residence. Because defendant's testimony established, at the very least, he committed criminal trespass,[3] the trial judge soundly concluded trial counsel "utilized a specific trial strategy" to minimize defendant's conduct. We discern no reason to second-guess that reasonably-sound strategy. See State v. Chew, 179 N.J. 186, 206-13 (2004).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Pursuant to N.J.S.A. 2C:17-3(a)(1), an individual is guilty of criminal mischief if he or she "[p]urposely or knowingly damages tangible property of another . . . ."

A-4712-17T4